IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–02084–DDD–KMT

EDWARD BILLINGS,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS,
EL PASO COUNTY SHERIFF'S OFFICE,
MICHAEL LUX, CSPD #438, Colorado Springs Police Department, individually, and
THREE OTHER UNKNOWN AGENTS OF THE COLORADO SPRINGS POLICE
DEPARTMENT AND THE EL PASO COUNTY SHERIFF'S OFFICE (referred to as John
Doe, Richard Roe and John Roe), in their official and personal capacity,

    Defendants.

## ORDER

Before the court is Defendants' "Unopposed Motion for Protective Order and to Vacate Deadline to File a Proposed Scheduling Order." (["Motion"], Doc. No. 22.) In their Motion, Defendants ask that discovery in this matter be stayed, and that the proposed scheduling order deadline be vacated, pending resolution of their contemporaneously filed motion to dismiss. (*Id.* at 1, 4; *see* Doc. No. 21.) For the following reasons, the Motion is GRANTED.

## STATEMENT OF THE CASE

Plaintiff Edward Billings ["Mr. Billings," or "Plaintiff"] brings this lawsuit, pursuant to 42 U.S.C. §§ 1983 and 1988, asserting violations of his constitutional rights by the City of Colorado Springs ["the City"], the El Paso County Sheriff's Office ["EPSO"], Michael Lux

["Officer Lux"], and three unknown law enforcement agents ["the Doe Defendants"]. (["Complaint"], Doc. No. 1.)  Mr. Billings alleges, specifically, that on March 12, 2020, while he was attending a "political demonstration" in Colorado Springs, Colorado, the Doe Defendants "violently threw him to the ground" without cause, and then "forcefully pressed [his] face into the ground," so as to effect his "unlawful arrest." (*Id.* at 5 ¶ 11.)  Plaintiff reports that, immediately after this "violent assault," he was transported to the El Paso County Criminal Justice Center, where he was charged with "one count of Failure to Disburse, in violation of the Colorado Springs Municipal Code § 9.2.103," and then forced to "walk[] approximately five miles to UCHealth Memorial Hospital to seek treatment for his injuries." (*Id.* at 5 ¶¶ 12-13.)

Following these events, on August 2, 2021, Mr. Billings commenced this federal civil rights lawsuit, asserting six causes of action: (1) a First Amendment speech, association, and assembly claim against all Defendants; (2) a First Amendment retaliation claim against all Defendants; (3) a Fourth Amendment excessive force claim against the Doe Defendants; (4) a Fourth Amendment deliberate indifference claim against the City and EPSO; (5) a common law claim for assault and battery against the Doe Defendants; and (6) a common law claim for intentional infliction of emotional distress against the Doe Defendants. (*Id.* at 6-12 ¶¶ 19-51.)  In his Complaint, Plaintiff asks for unspecified equitable relief, as well as monetary damages. (*Id.* at 12-13.)

On December 17, 2021, the City, EPSO, and Officer Lux ["the Named Defendants"] responded to Mr. Billing's allegations against them by filing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a motion to stay the case, pending resolution of the motion to dismiss. (Doc. No. 21; Mot. 1, 4.)  The Named Defendants argue that a

discovery stay is warranted here, because their motion to dismiss invokes qualified immunity as to the claims against Officer Lux, and because all relevant factors weigh in favor of a stay. (Mot. 2-4.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo.

3

Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action."  *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay.  Indeed, the motion to stay is unopposed.  (*See* Mot. 2.)  The first factor, therefore, weighs in favor of the imposition of a stay.  *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, the Named Defendants argue that they would be unduly burdened by proceeding with discovery at this time, given that Officer Lux has invoked qualified immunity in this case.  (Mot. 3.)  Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery."  *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).  The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation."  *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227

4

(1991)) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration.

Nevertheless, an assertion of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). Indeed, as the Named Defendants appear to concede, qualified immunity is applicable only to individual capacity claims for monetary damages; it is not a defense against claims for equitable relief, or against official capacity claims. *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004) (citing *Frank v. Relin*, 1 F.3d 1317, 1327 (2d Cir. 1993)). In this case, Plaintiff requests equitable relief, in addition to monetary damages, and he asserts both individual and official capacity claims against Officer Lux. (Compl. 4 ¶ 9, 12-13.)

However, there is no question that allowing limited discovery to proceed as to certain claims would effectively rob Officer Lux of his qualified immunity defense. Indeed, the court agrees with the Named Defendants that "all of Plaintiff's claims are inextricably intertwined." (Mot. 3.) For instance, Plaintiff's First Amendment claims seeking injunctive relief, which would not be subject to qualified immunity, would result in discovery of the same information that would be relevant to his First Amendment claims specifically seeking monetary damages from Officer Lux in his personal capacity, which potentially would be subject to qualified immunity. Given that qualified immunity "is both a defense to liability and a limited 'entitlement not to stand trial or face the other burdens of litigation,'" such a scenario would be

5

inappropriate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Accordingly, the second factor also supports the imposition of a stay. *See Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of staying discovery, even though qualified immunity was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Mr. Billing's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Unopposed Motion for Protective Order and to Vacate Deadline to File a Proposed Scheduling Order" (Doc. No. 22) is **GRANTED**. The proposed scheduling order deadline is **VACATED**. Discovery in this matter is **STAYED** pending a ruling on the "Motion to Dismiss" (Doc. No. 21.) The parties shall file a joint status report within ten days of

a ruling on the motion to dismiss, if any portion of the case remains, to advise whether the initial case deadlines should be reset.

Dated this 7th day of January, 2022.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge